UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| HUMANGEAR, INC., | CASE NO. 2:23-cv-00102-LK |
|---|---|
| Plaintiff, | PATENT SCHEDULING ORDER |
| v. | |
| INDUSTRIAL REVOLUTION, INC., | |
| Defendant. | |

| **JURY TRIAL DATE (7 days)** | **Court will set trial date following Claim Construction Order** |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions (PAT 120) | June 9, 2023 |
| Non-Infringement and Invalidity Contentions (PAT 121) and accompanying document production (PAT 122) | July 10, 2023 |
| Parties to exchange Proposed Terms and Claim Elements for Construction (PAT 130) | July 31, 2023 |
| Deadline for joining additional parties | September 15, 2023 |
| Parties to exchange Preliminary Claim Constructions and Extrinsic Evidence (PAT 131) | August 30, 2023 |
| Parties to file Joint Claim Construction and Prehearing Statement (PAT 132) | October 16, 2023 |
| Construction Expert Disclosures, if necessary (PAT 132) | October 16, 2023 |
| Parties to disclose rebuttal expert reports, if any, regarding Markman issues | November 15, 2023 |

PATENT SCHEDULING ORDER - 1

| | | |
|---|---|---|
| 1 | Completion of claim construction discovery, if necessary (PAT 133) and for amending pleadings | December 5, 2023 |
| 2 | Opening claim construction briefs (noted for the date that the responsive claim construction briefs are due) (PAT 134(a)–(b)) | December 11, 2023 |
| 3 | Responsive claim construction briefs (PAT 134(c)) | December 29, 2023 |
| 4 | Claim Construction Hearing (PAT 135) | February 27, 2024 |
| 5 | Disclosure of expert testimony under FRCP 26(a)(2) due | 30 days after Claim Construction Order and 7 months before trial ("TR") |
| 6 | Disclosure of rebuttal expert testimony under FRCP 26(a)(2) due | 30 days from above |
| 7 | All motions related to discovery must be filed by | TR – 6 mos |
| | Discovery completed by | TR – 5 mos |
| 8 | All dispositive motions and motions challenging expert witness testimony must be filed by this date (see LCR 7(d)). Such motions must be noted for consideration no later than the fourth Friday thereafter (see LCR 7(d)). | TR – 4 mos |
| 9 | Settlement conference, if mediation has been requested by the parties per LCR 39.1, held no later than | TR – 2 mos |
| 10 | All motions in limine must be filed by | TR – 35 days |
| 11 | Proposed jury instructions and agreed LCR 16.1 Pretrial Order due, including exhibit list with completed authenticity, admissibility, and objections fields | TR – 21 days |
| 12 | Trial briefs, proposed voir dire questions, and deposition designations due | TR – 14 days |
| 13 | Pretrial conference scheduled at 10:00 a.m. on | TR – 10 days |

These dates are set at the direction of the Court after reviewing the joint status report and discovery plan submitted by the parties. The dates listed as "TR" will be set after the Claim Construction Hearing; the anticipated timing of how those dates will flow from the trial date is provided to the parties now for guidance. All other dates are specified in Judge King's Standing Order, the Local Civil Rules, and Local Patent Rules. These are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause.

If the Claim Construction Hearing date assigned to this matter creates an irreconcilable conflict, counsel must notify Natalie Wood, Deputy Clerk, at natalie_wood@wawd.uscourts.gov within 14 days of the date of this Order and explain the exact nature of the conflict. Failure to do so will be deemed a waiver.

PATENT SCHEDULING ORDER - 2

## TUTORIAL AND CLAIM CONSTRUCTION (MARKMAN) HEARING

The Court or the parties can request that the Court have a tutorial on the subject matter of the patent(s) at issue prior to the Claim Construction Hearing. In those instances, the Court will schedule a tutorial to occur two to four weeks prior to the Hearing. The parties, in consultation with the Court, will jointly agree to the format of the tutorial, including a summary and explanation of the subject matter at issue. The length of the tutorial will depend upon the subject matter. Visual aids and suggestions for reading materials are encouraged.

Alternatively, depending on the technology involved, the Court may determine that the assistance of a neutral expert would be helpful. In such an instance, the Court may direct the parties to confer and, if possible, reach an agreement as to three experts in the field who would be appropriate to act as a neutral expert to assist the Court during the claim construction proceedings and/or the trial of this matter. The Court will then choose one to appoint as a neutral expert pursuant to Federal Rule of Evidence 706 and Local Patent Rule 132(i). In such a situation, the parties will split the cost of the expert equally.

The claim construction hearing will be set for one full trial day (5 hours). If more or less time is required, the parties are instructed to inform Natalie Wood, Courtroom Deputy, at Natalie_Wood@wawd.uscourts.gov.

PLEASE NOTE: The Court will <u>not</u> rule on dispositive motions that raise issues of claim construction prior to the Markman Hearing, unless special circumstances warrant doing so and leave of Court is obtained in advance of filing.

## COOPERATION

As required by LCR 37(a), all discovery matters are to be resolved by agreement if possible. Counsel are also directed to cooperate in preparing the final pretrial order in the format required by LCR 16.1, except as ordered below.

## EXHIBITS

The original and one copy of the Markman hearing exhibits and trial exhibits are to be

delivered to Natalie Wood, Courtroom Deputy, at least five days before the hearing and/or trial date. If JEEP (Jury Electronic Evidence Presentation) is being used, only one set of paper exhibits is required, and electronic exhibits should be submitted to the Court via thumb drive (not CD). Each exhibit shall be clearly marked.

If the exhibit list, pretrial order, or witness list is revised at any time after it is filed with the Court, counsel shall file a revised exhibit list with the court and provide the Courtroom Deputy with a redlined version indicating the changes.

If additional exhibits are marked in the course of the hearing or the trial (for example, for impeachment purposes), counsel must provide extra copies of the exhibits for opposing counsel and for the Court.

The Court hereby alters the LCR 16.1 procedure for numbering exhibits: Plaintiff(s)' exhibits shall be numbered consecutively beginning with 1; Defendant(s)' exhibits shall be numbered consecutively beginning with 500. Duplicate documents shall not be listed twice. Once a party has identified an exhibit in the pretrial order, it may be used by any party. Each set of exhibits shall be submitted in a three-ring binder with appropriately numbered tabs.

Jurors have high expectations about the lawyers' ability to operate the evidence presentation devices in the courtroom. Training is strongly encouraged. See https://www.wawd.uscourts.gov/attorneys/trial-support for more information. At the pretrial conference, the parties must make arrangements with Natalie Wood, Courtroom Deputy, to schedule a time to test any equipment that the parties wish to use at trial.

## PRIVACY

Pursuant to LCR 5.2(a), parties shall refrain from including, or shall partially redact where inclusion is necessary, the following personal data identifiers from all documents filed with the court or used as exhibits in any hearing or at trial, unless otherwise ordered by the court:

- Dates of Birth – redact to the year of birth, unless deceased.
- Names of Minor Children – redact to the initials, unless deceased or currently over the age of 18.

- Social Security or Taxpayer Identification Numbers − redact in their entirety.
- Financial Accounting Information − redact to the last four digits.
- Passport Numbers and Driver License Numbers − redact in their entirety.

## SETTLEMENT

If this case settles, counsel shall notify Natalie Wood via email at natalie_wood@wawd.uscourts.gov as soon as possible. Pursuant to LCR 11(b), an attorney who fails to give the Deputy Clerk prompt notice of settlement may be subject to such discipline as the Court deems appropriate.

Dated this 23rd day of May, 2023.

*Lauren King*
Honorable Lauren King
United States District Judge

PATENT SCHEDULING ORDER - 5